UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARYAM JAMILAH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-161 |
| | § | |
| CFLANE, INC., | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss. Doc 8. Having considered the motion, the facts in the record, and the applicable law, the Court concludes Defendant's Motion to Dismiss (Doc. 8) should be granted.

**I.    Background**

This is a pro se[1] in forma pauperis case.  Plaintiff Jamilah is a tenant in an apartment building owned by Defendant CFLane, Inc. Jamilah complains of various problems in her building. She alleges that the water in her apartment is not potable and brown in color and that she was "without water and/or hot water for 8 or 9 days." Doc. 1 at 5. She alleges a "huge pile of trash and debris" resulting from unpermitted demolition of neighboring apartments has been left on the sidewalk outside of her apartment. Doc. 1 at 4. She complains of a delayed ceiling fan repair. Finally, she alleges she was told false statements by the property manager regarding her rental contract, utility bill, parking, and trash. Doc. 1 at 2–6.

---

[1] CFLane alleges Jamilah was an attorney licensed to practice law in the State of Texas, but her license has been suspended. Doc. 8 at 4.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual matter is limited to "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

*Pro se* pleadings are subject to less stringent review than those drafted by attorneys and are entitled to a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, *pro se* litigants must still allege sufficient facts to support their claims; conclusory allegations by themselves are insufficient. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Moreover *pro se* litigants "must still brief the issues and reasonably comply with the standards" of Federal Rules. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). A court may properly dismiss an action with prejudice if the court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

## III. Discussion

CFLane seeks dismissal for lack of subject matter jurisdiction. Jamilah asserts diversity jurisdiction and $250,000 compensatory damages. CFLane argues the alleged damages do not satisfy the "legal certainty" test, under which a case must be dismissed if "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

Jamilah does not explain how the alleged inconveniences and miscommunications with the property manager could reach the jurisdictional amount. She asserts two causes of action,

covenant of quiet enjoyment and negligent hiring. Under Texas law, a breach of the covenant or constructive eviction requires conduct by the landlord that "permanently deprives the tenant without his consent of the use and beneficial enjoyment of the demised premises or any substantial part thereof, in consequence of which he abandons the premises." *Stillman v. Youmans*, 266 S.W.2d 913, 916 (Tex. Civ. App.—Galveston 1954, no writ). The pleadings indicate Jamilah did not abandon but has remained on the premises. Rather, she alleges CFLane has instituted eviction proceedings against her. Doc. 1 at 6.

Even if Jamilah were able to prevail on a quiet enjoyment claim, her damages would not conceivably approach the jurisdictional amount. *See Reavis v. Taylor*, 162 S.W.2d 1030, 1034 (Tex. Civ. App.—Eastland 1942, writ ref'd w.o.m.) (tenant who prevails in constructive eviction action is "entitled to recover reasonable expenses of removal to other premises"). Jamilah claims the "stress of dealing with . . . defendant's employees has greatly aggravated plaintiff's conditions," in particular, "conjustive [sic] heart failure, diabetes and high blood pressure." Doc. 1 at 6. Jamilah does not allege acts by defendant's employees during her dealings with them that would foreseeably cause such mental anguish. *See Parkway Co. v. Woodruff*, 901 S.W.2d 434, 445 (Tex. 1995) ("As a general matter, though, qualifying events have demonstrated a threat to one's physical safety or reputation or involved the death of, or serious injury to, a family member. While the flooding of the Woodruffs' home certainly disrupted their lives temporarily, under our substantive law this type of disruption will not support an inference that compensable mental anguish occurred.").

CFlane argues the case should be dismissed for failure to state a claim. As explained above, the alleged facts fail to satisfy the elements of a breach of the covenant of quiet enjoyment. Jamilah's negligent hiring claim depends on the alleged damages. Jamilah also seeks

$1,000,000 punitive damages which depend on the existence of actual damages. As explained above, Jamilah's alleged actual damages fail the legal certainty test.

IV. **Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**. Plaintiff Maryam Jamilah's case is **DISMISSED** with leave to amend.

SIGNED at Houston, Texas, this 13th day of March, 2015.

                                MELINDA HARMON
                      UNITED STATES DISTRICT JUDGE